Matter of McCarty (2026 NY Slip Op 01909)

Matter of McCarty

2026 NY Slip Op 01909

Decided on March 27, 2026

Appellate Division, Fourth Department

Per Curiam

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 27, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., OGDEN, NOWAK, AND DELCONTE, JJ. (Filed Mar. 27, 2026.)

&em;

[*1]MATTER OF TERENCE MCCARTY, AN ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, PETITIONER.

OPINION AND ORDER
Order of censure entered.Per Curiam.
Opinion: Respondent was admitted to the practice of law by this Court on February 20, 1997, and he maintains an office in Rochester. In November 2025, the Grievance Committee filed a petition asserting a sole charge of professional misconduct against respondent, alleging that he engaged in conduct that adversely reflects on his fitness as an attorney, as detailed below. In lieu of respondent filing an answer to the petition, the parties jointly move the Court for an order of discipline on consent. In support of the motion, respondent conditionally admits certain allegations in the petition, and the parties request that the Court enter a final order imposing the sanction of public censure.
Respondent conditionally admits that, in February 2024, he anonymously sent a copy of a self-published book to an elected law enforcement official. Although the book was styled as a children's book, it included text about dead and mutilated animals being delivered to the reader's home. The book was accompanied by written materials that included Halloween-related images and a page stating "Collecters [sic] item! DON'T lose! . . ." Shortly after he sent the book, respondent was arrested and charged with aggravated harassment in the second degree, a misdemeanor. Respondent was granted an adjournment in contemplation of dismissal, and that charge was dismissed in October 2024. Respondent has explained that he had neither a personal nor professional relationship with the recipient of the book and that, prior to his arrest, he had intended to mail many more copies to various public officials as part of a "guerilla marketing" campaign to promote the book. Respondent admits, however, that the recipient of the book perceived it to be a death threat and that a reasonable attorney would have known that an elected law enforcement official receiving such a book from an anonymous sender would perceive it as a threat.
We grant the joint motion of the parties, find respondent guilty of professional misconduct, and conclude that his admissions establish that he engaged in conduct adversely reflecting on his fitness as a lawyer, in violation of rule 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0).
In imposing the sanction requested by the parties, we have considered the nature of respondent's admitted misconduct and his proffered explanation specified above. We also have considered that, in April 2024, a forensic psychologist examined respondent in connection with the criminal matter and determined that he was at low risk for violent behavior, that he was not in need of psychological or psychiatric treatment, and that his explanation for the misconduct, "while strikingly naive in many respects, appears to be authentic . . ." The forensic psychologist also found that respondent appeared genuinely remorseful for the misconduct. Accordingly, after consideration of all the factors relevant to this matter, we conclude that respondent should be censured.